Wright, J.
It will be seen that the petition alleges that Kelly, county treasurer, received out of the county treasury, for services as county treasurer, $804.71 for safe keeping, disbursing, redeeming, and canceling Logan county bonds, for redeeming and canceling coupons, and for sorting and arranging the same.
The action is brought under the act of April 13,1865 (S. & S. 919, § 2 (4), which provides “ that any county auditor or county commissioner who shall make, order, or pay, or any treasurer who shall receive out of any funds in the treasury of their county any other or further allowance ■or compensation to any such county treasurer, either as fees or for clerk hire, or otherwise, than is specially provided by law, shall be liable in an action on his bond, to be brought by the prosecuting attorney of such county, for the use of such county, in double the amount so paid or ordered to be paid by said auditor or commissioner, or received by said treasurer.”
In support of the demurrer, it is claimed that when Kelly *429 received this money, he was not acting as treasurer; that his bond only covers delinquencies in official acts; and as this was not official, there has been no breach of the bond..
Counsel claim that this statute is penal, and must be strictly construed, which may be admitted. It is also said that the whole statute must be read together, in order to> ascertain its meaning, which is also true. So reading the statute, counsel seem to claim that county treasurers can be guilty of official delinquency only in something connected with the “ grand duplicate.” "We fail to discover the force of this argument, and it seems to us that it overlooks an important word in the law. It was already provided, in the preceding section, what fees the county treasurer should have, which should be a certain percentage upon the taxes-on the grand duplicate. Then the section we are considering says if he receives any further money out of the treasury for fees, clerk hire, or otherwise, then the action shall lie. We conceive that these words “ or otherwise ” mean something. They comprehend every case of getting money out of the treasury other than that which the preceding section had provided should be the legitimate one.
And we are not impressed with the proposition that a-man who has been elected county treasurer, who has given bond as county treasurer, and. has acted as county treasurer,, when he takes money from the county treasury for a purpose not authorized, can successfully defend by saying that he did so, not as a public officer, but as a private citizen,, and therefore his sureties are not liable. All money he receives from the treasury he receives as treasurer; otherwise-he could not get it at all. If, when so received, he applies it-to a lawful purpose, this is all legal and an act of the treasurer. If he applies it to an unlawful purpose, or keeps it himself, without right, it does not make the act by which he received it from the treasury in the first place any-the less an official one. The statute says: “Any treasurer who-shall receive out of any funds in the treasury,” etc. It would be opening too wide a door to indiscretion to hold that the-taking of public funds without authority of law could not- *430 be reached, because the moment the unlawful acts began, that moment the officer lost all official character, and with it all capacity to make himself or his sureties responsible.
"We do not find that these payments were authorized by any law, as it is claimed they were; but, on the contrary, that they were expressly prohibited by the section quoted.
It is further claimed that this action should have been in the name of the county commissioners.
The bond, it will be seen, was taken to the State of Ohio. It is provided by section 25 of the code “ that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27.” And it is provided by section 27 that “ an executor or administrator, guardian, trustee of an express trust, a person with whom •or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue in such name as is authorized by law, and official bonds may be sued upon in the same way.”
The law always was, as we understand it; that suit might be brought in the name of the obligee of the bond, for the use or benefit of him whom the bond was to protect, and who had a claim under it. Here the suit is brought in the name of the state, and the statute authorizing the action provides that it shall be for the use of the county; it has •therefore been properly brought, and could not have been In the name of the commissioners, as is directly decided in Hunter v. Commissioners of Mercer County, 10 Ohio St. 515.
It is said that the first cause of action is barred by the .statute of limitations.
The money in the first order was obtained by the treasurer,-Kelly, on September 8, 1870, and the action brought May 31, 1872. It is said to be an action upon a statute for a penalty or forfeiture, which must be brought in one year. Code, § 16.
The cases cited by counsel for defendant in error are cases •where there was an action for a' penalty, given against the *431 individual officer,'which, was barred in a certain time, and it was held, if such action could not be maintained against the officer, who was principal in the bond, of course it could not be maintained against his sureties. For instance, an action against an auditor for misfeasance in office was barred in a year, and consequently an action on his bond could not be maintained after the expiration of the year for that same misfeasance. State v. Commissioners of Knox County, 2 Ohio St. 147.
But it will be observed that the statute which gives this action does not give a penalty or forfeiture against the treasurer. If it did, if it said that he should be compelled to pay double, provided the action were brought in one year, it might be that the same limitation would apply to the bond, and no suit could be brought upon it after the year had expired. But this is the statute: Any treasurer doing the prohibited thing “ shall be liable in an action upon his bond.” An action, therefore, could not be upheld against him individually for double the amount, otherwise than through his bond. If it could not be so upheld, of course the one year limitation does not apply.
It being therefore an action upon the bond, strictly speaking, the limitation of ten years, applicable to bonds, is the proper one.
For these reasons the demurrer was not well taken, and the judgment should he reversed.